UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
JUL 25 2018
AT 8:30_____M
WILLIAM T. WALSH
CLERK

| | | |
|---|---|---|
| ATLAS SYSTEMS, INC. | : | Civil Action No. 16-5381 (MAS) |
| Plaintiff, | : | |
| | : | Defendants' Objection |
| v. | : | to the Magistrate Judge's |
| | : | Report and Recommendation |
| ANJI REDDY, et al., | : | |
| Defendants | : | |

Defendants apologize for the late submission of this objection to the Magistrate Judge's Report and Recommendation. The objection was due by July 10, 2018. As of that date, we did not even know of the existence and entry of the Report and Recommendation. Our counsel did not make this known to us until mailing a copy of the Report and Recommendation which reached us on or about July 18, 2018 by ordinary mail.

The Magistrate Judge's analysis ascribes blame to the Defendants for dragging out the proceedings, and awards attorney fees upon the supposition that the delay was the Defendants' fault. This analysis is incorrect.

WE DID NOT START THE FIRE

Defendant is the one who was always willing to settle on the terms placed on the record on September 11, 2017. This consisted mainly of payment of the settlement sum of $100,000 in installments, and by that date was far beyond the point of being at all controversial. Defendants actually signed the memorialization of those terms on October 13, 2018 (plaintiffs did not sign). In agreeing to Plaintiff's request to the Magistrate Judge for a further administrative extension, Defendant was not making a play for additional time to pay, but rather, was simply accommodating the Plaintiff's request to incorporate a series of issues which were presented by Plaintiff as burning issues, which if not resolved would make it impossible to complete the settlement agreement and reduce it to written form. It was Plaintiff who was unwilling to sign until these new issues were agreed upon. Plaintiff's issues were not only presented in bad faith and solely for the purpose of delay, but were as quickly jettisoned by Plaintiff when it became clear that Defendant would not blindly accept these conditions. Plaintiff then raced back to the September 11 version of the agreement which had been placed upon the record in open court, so as to make it appear that Defendant was responsible for the delay. For some inexplicable reason, the Magistrate Judge has given no attention to the

fact that all of these issues were Plaintiff's issues, and that Plaintiff was the party who wanted to modify the agreement to accommodate those issues.

ISSUE NO. 1 was the Plaintiff's insistence that Defendant represent and warrant that no employee of the putative entity, Atlas Hana, LLC, had ever been employed elsewhere in the world by Defendant's company, VisionSoft. Plaintiff well knew such a statement was false and could not be given under penalty of perjury by Defendant. Plaintiff well knew this because Plaintiff himself had initiated a prosecution of this individual in India for just such an offense (alleging there that the individual had breached a confidentiality covenant by working for VisionSoft's subsidiary). At the end of the day, Plaintiff almost casually states his willingness to waive that element as part of a final settlement agreement, notwithstanding his bad faith attempt to ram this issue down the Defendant's throat.

Both prior to and in extensive detail on October 11, 2017, Defendant Reddy expressed concern about the language of Paragraph 10, Affidavit of Anji Reddy which was insisted upon by Plaintiff in light of Defendant Vision Soft's subsidiary's hiring of Mr. Gopinathan, the facts of which were well known to the Plaintiff. On October 11, 2017, Defendant put forward proposed language to modify Paragraph 10 in order to address the above concern. As late in the discussions as the call with Plaintiffs' counsel on October 12, 2017, Plaintiffs'

3

counsel indicated that the Plaintiffs rejected the proposed language. It was represented by Plaintiffs' counsel that if Defendant Reddy would agree to the original language of Paragraph 10, then she believed her clients would agree to the proposed carve out for Mr. Gopinathan in the Affidavit of Vision Soft Consulting, Inc.

ISSUE NO. 2 was Plaintiff's insistence on changing the Payee designated in the agreement. The Court Transcript from September 11, 2017 says that payment will be made to the "Plaintiffs." The Defendants understood that this meant the payee should be Plaintiff Atlas Hana, LLC, but after the agreement was placed on the record on September 11, 2017, Plaintiffs' now took the position as of October 10, 2017, that Plaintiff Atlas Systems, Inc., an unrelated entity controlled solely by the Plaintiff, should instead be the payee. Plaintiffs' counsel indicated that her clients insisted on Plaintiff Atlas Systems, Inc. being the payee. The Defendants then agreed to Plaintiff Atlas Systems, Inc., being the payee.

**ISSUE NO. 3:** The Defendants were concerned that the language contained in Paragraph 9 of the Consent Judgment (as proposed by the Plaintiffs on September 15, 2017) deviated from the language contained in the Settlement Agreement and the transcript, dated September 11, 2017, which stated that the language of the

Settlement Agreement would be incorporated into the Consent Judgment. Counsel for both parties discussed their positions on this paragraph during a conference call on October 10, 2017. The Defendants laid out their position further in an email, dated October 10, 2017. During an October 12, 2017 conference call, Plaintiffs' counsel stated that her clients agreed to make the changes necessary so that Paragraph 9 of the Consent Judgment mirrored the Settlement Agreement.

ISSUE NO. 4: After September 11, 2017, Plaintiff Chalamala did not want his name to appear on the settlement agreement. This would have the effect of diluting the representations he made. Plaintiff has never agreed to having his name appear in a written memorialization of the agreement, even though he agreed to this in open court.

ISSUE NO. 5: The Plaintiffs wanted representations that Anji Reddy had no funds from sources not originally specified. As stated in court on September 11, Anji Reddy made representations that he had only certain sources of cash, that his New Jersey home was mortgaged, and he could not tap into the equity in his second home in Virginia. Now afterwards the plaintiff wanted him to make representations about bonds, mutual funds, 401(k)'s and other possible sources of funds. This demand was different from the September 11, 2017 agreement.

Defendants did not agree with these FIVE NEW POINTS raised by the plaintiff after the settlement terms were placed on the record on September 11. We always agreed with those terms, we repeatedly emphasized our willingness to sign a written memorialization of those very terms, and that is why we brought a motion to enforce those terms when plaintiff continued to refuse to sign a document reflecting them, with no added terms.

## CONCLUSION

Defendants request that the Court reject the Report and Recommendation of the Magistrate Judge, and deny Plaintiffs' motion, and deny the award of attorney fees to Plaintiffs, and instead grant Defendants' motion to enforce the Settlement Agreement as it was placed on the record by the parties on September 11, 2017.

Respectfully submitted,

*/s/ Jeee*

Anji Reddy, defendant and third party plaintiff, pro se on his own behalf and as CEO, defendant VisionSoft Consulting, Inc.

Dated: July 25, 2018