**Law Offices of**
**Joseph C. Tauriello, Esq. P.C.**

221 Witherspoon Street
Princeton, NJ  08542
Voice: (609) 888-6790
Fax:   (609) 775-9111
E-Mail: jtauriello@jctlaw.us
www.jctlaw.us

January 7, 2021

Honorable Michael A. Shipp, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Bld. & U.S. Courthouse
402 E. State Street, Room 7000
Trenton, NJ  08608

     **Re:**   *Atlas Systems, Inc. v. Reddy, et al.*
           <u>Case No. 3:16-cv-05381 (MAS)(TJB)</u>

Dear Judge Shipp:

The undersigned represents Plaintiffs Atlas Systems, Inc., and Atlas Hana LLC (collectively, "Atlas Systems") in this matter.  I write in accordance with Your Honor's Memorandum of Opinion issued on December 4, 2020. I have been in communication with counsel for defendants Anji Reddy and Vision Soft Consulting, Inc. regarding the $100,000 owed plus incurred counsel fees, which pursuant to the terms of the previously reached settlement agreement, that plaintiff was to receive full payment on or before June 1, 2018.

Counsel for defendants now asserts, without supporting documentation, that notwithstanding the material representations made on the record on September 11, 2017 that defendants had up to $100,000 in liquid assets, defendants cannot now make payment in full. Plaintiff has requested certain financial information of defendants to substantiate such a claim which Plaintiff is entitled to receive. To date defendants have not responded to this request nor provided any financial information. Additionally, there has been no response regarding Plaintiff's demand for $20,549.00 representing all counsel fees incurred since September 11, 2017 plus costs and interest given that the full payment was not made by June 1, 2018 as required.

While defendants have made a partial payment of $40,000, there has been no response to Plaintiff's request for financial information or reply to the demand for reimbursement of the counsel fees incurred. The supporting documentation for said counsel fees has been provided to counsel.

Accordingly, I write to Your Honor prior to filing of any motions or a formal application for an award of Counsel fees as I am not sure how the Court would like the parties to proceed. To the extent a reasonable agreement cannot be reached based on the full disclosure of all financial information of defendants, an award of counsel fees may be necessary so that Plaintiff can reduce the settlement to judgment and seek enforcement through the available legal process to enforce litigants' rights. These steps would appear to be necessary to the extent the Court's involvement cannot resolve this matter.

It is my hope that with the Court's involvement these additional steps will not become necessary.

Respectfully submitted,

/S/ Joseph C. Tauriello

Joseph C. Tauriello, Esq.

C:    Joel D. Rosen, Esq. (jdrlaw@verizon.net)
      Client