UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS SYSTEMS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> REDDY, et al., <br><br> Defendants. | Civil Action No. 16-5381 (MAS) <br><br> MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon application by Plaintiffs Atlas Systems, Inc. and Atlas Hana L.L.C. ("Plaintiffs") for attorneys' fees and costs awarded pursuant to the District Court's December 4, 2020 Memorandum Opinion and Order awarding Plaintiffs attorneys' fees and costs associated with filing their Motion to Enforce and opposing Defendants' competing Motion (Docket Entry Nos. 68 and 69, respectively). Defendants Anji Reddy and Vision Soft Consulting Inc. ("Defendants") oppose Plaintiffs' application. The Court has fully reviewed and considered all arguments made in support of and in opposition to Plaintiffs' application for attorneys' fees and costs. The Court considers this matter without argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, Plaintiffs' application is GRANTED IN PART.

**I.      Background and Procedural History**

The District Court awarded Plaintiffs attorneys' fees and costs associated with filing their Motion to Enforce Settlement and opposing Defendants' competing Motion. (Docket Entry No. 68 at 19-20). Plaintiffs were "directed to submit documentation supporting the reasonable attorneys' fees and costs associated with filing their Motion to Enforce Settlement and Sanctions within 14 days of this order." (Docket Entry No. 69 at 2). The Court directed the parties to

confer, but they could not reach agreement about the amount of attorneys' fees and costs to be paid by Defendants.

On March 15, 2021, the Court narrowed the range of attorneys' fees to be awarded from Plaintiffs' initial informal submissions. The Court noted that because the District Court could have awarded fees for all time billed after September 11, 2017 (the date the settlement was entered on the record during conference) but did not, fees and costs from the time period after September 11, 2017 up until the District Court issued its Opinion and Order on December 4, 2020 but not directly related to the cross-motions are excluded. Although the Court said it would consider whether awarding fees for work done after December 4, 2020 is appropriate, it directed Plaintiffs' counsel to separate the motion fees from the post-motion fees in its request. On April 1, 2021, Plaintiffs submitted their revised request. On April 5, 2021, Defendants submitted their opposition to that request.

## II.     Legal Standard

Generally, courts use the "lodestar" method in evaluating a fee application and, indeed, the lodestar calculation is presumed to yield a reasonable attorney fee award. *See Machado v. Law Offices of Jeffrey*, Civil Action No. 14-7401 (MAS) (TJB), 2017 WL 2838458, *2 (D.N.J. June 30, 2017). Under the lodestar method, an attorney's reasonable hourly rate is multiplied by the number of hours the attorney reasonably spent working on a matter. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.,* 426 F.3d 694, 703 n.5 (3d Cir. 2005) (citing *Blum v. Stenson*, 565 U.S. 886, 888 (1984) (citations omitted)).

The "party seeking attorney fees bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." *Id*. (*citing Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). "Reasonable hourly rates are typically determined based on the market

rate in the attorney's community for lawyers of similar expertise and experience." *Machado*, 2017 WL 2838458, at *2 (citing *Interfaith*, 426 F.3d at 713). *Evans v. Port Auth. of N.Y. and N.J.*, 273 F.3d 346, (3d Cir. 2001). With respect to the hours claimed, it is incumbent upon the Court to "exclude hours that are not reasonably expended." *Rode*, 892 F.2d at 1183 (citing *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983)). "Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." *Id*. The Court, however, may not reduce a fee award *sua sponte*. Instead, "it can only do so in respect to specific objections made by the opposing party. But once the opposing party has made a specific objection, the burden is on the prevailing party to justify the size of its request." *Interfaith*, 426 F.3d at 711 (citing *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 719 (3d Cir. 1989).

Further, while the lodestar calculation is "strongly presumed to yield a reasonable fee" (*Washington v. Phila. County Ct. of C.P.*, 89 F.3d 1031, 1035 (3d Cir. 1996) (citing *City of Burlington v. Dauge*, 505 U.S. 557 (1992)), "[t]he court can adjust the lodestar downward if the lodestar is not reasonable in light of the results obtained." *Rode*, 892 F.2d at 1183 (citing *Hensley*, 461 U.S. at 434-37). "Indeed, 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436). In fact, the Court "retains a great deal of discretion in deciding what a reasonable fee award is" (*Bell*, 884 F.2d at 721), and, it is understood that "in determining whether the fee request is excessive . . . the court will inevitably engage in a fair amount of 'judgment calling' based upon its experience with the case and the general experience as to how much a case requires." *Evans*, 273 F.3d at 362.

**III.     Analysis**

Here, Plaintiffs first seek to be reimbursed for attorneys' fees from Plaintiffs' former counsel at Day Pitney, LLP for work related to the Motion to Enforce and competing Motion by Defendants.  Several different individuals performed work from that firm on behalf of Plaintiffs, with various billing rates.  S. Cardinale (Paralegal) billed at a rate of $135 per hour; A. Aviles (Associate) billed $315 per hour; P. McCarthy (Of Counsel) billed $570 per hour; and R. Brown (Partner) billed $585 per hour.  (Tauriello Certification dated April 1, 2020 [sic], ¶¶ 7,13).[1]  Mr. Brown serves as the Chair of Day Pitney's Intellectual Property Litigation practice group and has expertise in this specialized area.  (*Id.*, ¶ 16).  Plaintiffs had a negotiated discount of 29.53% for all legal fees with Day Pitney, which Plaintiffs have passed along to reduce these stated hourly rates.  (*Id.*, ¶ 7).

While Defendants oppose the overall amount of Plaintiffs' request, they do not argue specifically that the hourly rates requested are too high.

Despite Defendants' overall objections, the Court finds the hourly rates by Plaintiffs' former counsel at Day Pitney are reasonable.  In reaching this conclusion, the Court notes that Plaintiffs' negotiated discount has appropriately been applied to the requested hourly rates.

There is no dispute over the costs requested by Plaintiffs, *i.e.*, those associated with UPS ($15.35) and photocopies/service expenses ($42.75).  As a result, the Court shall reimburse Plaintiffs for same.

While Defendants object to the overall amount of Plaintiffs' fee request, they do not specifically object to any of the line items in the amounts requested for the work of Day Pitney.

---

[1] This certification was submitted on April 1, 2021 but mistakenly listed the date as April 1, 2020.

Plaintiffs argue that the hours sought are reasonable. "The record establishes that without Plaintiff filing the within motion and subsequent efforts by Corporate Counsel to protect the Plaintiff's interests in the within matter, payment would not have been made. The record demonstrates that even with significant legal effort, defendants had remained non-compliant with their obligations." (Tauriello Certification, ¶ 13). As previously explained, "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. at 114. Plaintiffs' former counsel were successful in their efforts.

The Court has thoroughly reviewed the billing records as well as the submissions of the parties and finds both the discounted hourly rates and hours billed of the attorneys and staff at Day Pitney to be reasonable and within the terms of the award by the District Court. Defendant focuses on the language "Writeoff" and "No Charge" written in the Day Pitney bill attached to Mr. Tauriello's Certification dated January 30, 2021 as Exhibit D. (Defendants' Brief in Opposition to Plaintiff's Request for Award of Attorney Fees and Costs ("Def Brief") at 5) ("However, Day & Pitney's (plaintiff's former attorney firm) clear and readable bills show the motion has been written off and there remain no charges to the plaintiff in regard to the attorney fees."). Though Defendants make much of this argument, courts routinely award attorney's fees in cases where plaintiff has a contingency arrangement with his or her attorney and is never billed for those fees. *See Bland v. SMS Demag, Inc.*, Civil Action No. 04-1333, 2006 WL 8456864 (W.D.Pa. May 23, 2006) (awarding attorney's fees in ERISA case where attorney did not intend to charge plaintiff for those fees absent award against defendant).

The Court, however, declines to award the Plaintiffs attorneys' fees and costs for work performed by Mr. Tauriello that is unconnected to the Plaintiffs' Motion to Enforce the settlement and Defendants' competing Motion. As noted by the District Court, the general rule

"is that each party to a lawsuit bears its own attorneys' fees." (Opinion at 19). The Court finds no reason to make an exception for legal work by Plaintiffs' counsel that is unconnected to the specific award made by the District Court. (*See id.*)

In total then, Plaintiffs shall be awarded attorneys' fees and costs in the amount of $17,586.10. This breaks down to $17,528.00 after the discount of 29.53% is applied to the subtotal of legal fees of $24,873.00 (1.0 hours of work at $135 per hour for S. Cardinale (Paralegal); 40.5 hours of work at $315 per hour for A. Aviles (Associate); 0.8 hours of work at $570 per hour for P. McCarthy (Of Counsel); and 19.7 hours of work at $585 per hour for R. Brown (Partner)) plus $58.10 in costs. Defendants are directed to pay same no later than **May 14, 2021**.

### IV.   Conclusion

For the reasons stated above, Plaintiffs' motion for attorney's fees and costs is GRANTED IN PART. An appropriate Order follows.

Dated: April 23, 2021

                                                           s/Tonianne J. Bongiovanni
                                            **HONORABLE TONIANNE J. BONGIOVANNI**
                                            **UNITED STATES MAGISTRATE JUDGE**